IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID-RAY KNITTEL,

    Plaintiff,

v.                                                   CASE NO. 17-3132-SAC-DJW

KEITH SCHROEDER,

    Defendant.

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil action filed by a prisoner in state custody. Plaintiff proceeds pro se, and his fee status is pending.

Plaintiff presents this action as a petition for declaratory relief. The Court has examined the pleading and construes it as an attempt to collect monetary damages from the Defendant, the District Attorney of Reno County, due to his failure to respond to Plaintiff's request for production of documents and other discovery in an action brought in state court.

**Screening**

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged

1

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48–49 (1988) (citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The pleading in this case identifies no ground for federal relief. Although Plaintiff includes references to the Uniform Commercial Code and the Fair Debt Collection Act, he does not identify any plausible basis for federal action in this matter. The state district courts manage discovery in matters pending before them, and they may impose sanctions for the failure to comply with discovery requests.[1]

In addition, Plaintiff's attempt to characterize his pleading as an action that may proceed under diversity jurisdiction fails. The parties to this matter reside in Kansas, and Plaintiff makes no allegation to the contrary. *See generally, McEntire v. Kmart Corp.*, 2010 WL 553443, at *3 (D.N.M. Feb. 9, 2010) ("[t]he Supreme Court of the United States has described th[e] statutory diversity requirement as 'complete diversity,' and it is present only when no party on one side of a dispute shares citizenship with any party on the other side of a dispute.")

**Order to Show Cause**

For the reasons set forth, the Court directs Plaintiff to show cause to the Honorable Sam A. Crow why this matter should not be dismissed for failure to state a claim for relief.

The failure to file a written, specific response waives de novo review of the matter by the

---

[1] *See* K.S.A. 60-237, *Compelling discovery; failure to comply; sanctions.*

District Judge, *see Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of factual and legal issues. *Makin v. Col. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff shall show cause as directed on or before **September 5, 2017**.

**IT IS SO ORDERED.**

Dated this 9th day of August, 2017, at Kansas City, Kansas.

s/ David J. Waxse
DAVID J. WAXSE
U.S. Magistrate Judge
