**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DAVID-RAY KNITTEL,**

        **Plaintiff,**

        **v.**                               **CASE NO. 17-3132-SAC-DJW**

**KEITH SCHROEDER,**

        **Defendant.**

**MEMORANDUM AND ORDER**

This matter is a civil action filed by a prisoner in state custody. Plaintiff proceeds pro se and in forma pauperis. Plaintiff filed this action as a petition for declaratory relief. (Doc. 1.) On August 9, 2017, Magistrate Judge Waxse entered a Notice and Order to Show Cause ("NOSC"). (Doc. 2.) In the NOSC, Magistrate Judge Waxse examined Plaintiff's Complaint at Doc. 1 and construed it as an attempt to collect monetary damages from the Defendant, the District Attorney of Reno County, due to his failure to respond to Plaintiff's request for production of documents and other discovery in an action brought in state court. Magistrate Judge Waxse found that the Complaint identifies no ground for federal relief; and although Plaintiff includes references to the Uniform Commercial Code and the Fair Debt Collection Act, he does not identify any plausible basis for federal action in this matter. The state district courts manage discovery in matters pending before them, and they may impose sanctions for the failure to comply with discovery requests.[1]

Magistrate Judge Waxse also held that Plaintiff's attempt to characterize his pleading as an action that may proceed under diversity jurisdiction fails. The parties to this matter reside in Kansas, and Plaintiff makes no allegation to the contrary. *See generally, McEntire v. Kmart*

---

[1] *See* K.S.A. 60-237, *Compelling discovery; failure to comply; sanctions.*

*Corp.*, 2010 WL 553443, at *3 (D.N.M. Feb. 9, 2010) ("[t]he Supreme Court of the United States has described th[e] statutory diversity requirement as 'complete diversity,' and it is present only when no party on one side of a dispute shares citizenship with any party on the other side of a dispute.")

The NOSC ordered Plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief.   In response to the NOSC, Plaintiff filed a new complaint as a civil rights complaint under 42 U.S.C. § 1983.   (Doc. 4.)   Plaintiff again names as the sole defendant the District Attorney of Reno County, and claims that he failed to respond to discovery requests, a notice of dishonor and opportunity to cure, and a notice of default, "thereby acquiescing to a commercial lien and/or title 42 action being placed upon himself and relinquishing any state qualified immunity."   *Id*. at 2.   Plaintiff also alleges that Defendant did not have standing to fill his office because he "brought forth no documentation of his oath of office, nor has defendant produced any bond for any said oath of office."   *Id*. at 3.   Plaintiff also alleges that summary judgment was entered in the state court action based on an affidavit made with no personal knowledge.   Plaintiff's new complaint fails to address the deficiencies set forth in the NOSC and fails to set forth a ground for federal relief.   The Court finds that this action fails to state a claim for relief under 42 U.S.C. § 1983.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is **dismissed without prejudice** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated on this 26th day of September, 2017, in Topeka, Kansas.**

**s/ Sam A. Crow**
**SAM A. CROW**
**U. S. Senior District Judge**
