# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DAVID-RAY KNITTEL,**

    **Plaintiff,**

    v.                                                  CASE NO. 17-3132-SAC-DJW

**KEITH SCHROEDER,**

    **Defendant.**

## MEMORANDUM AND ORDER

On September 26, 2017, the Court entered a Memorandum and Order ("M&O") dismissing this action for failure to state a claim for relief under 42 U.S.C. § 1983. (Doc. 7.) This matter is before the Court on Plaintiff's motion for reconsideration (Doc. 9).

On August 9, 2017, Magistrate Judge Waxse entered a Notice and Order to Show Cause ("NOSC"), construing Plaintiff's Complaint at Doc. 1 as an attempt to collect monetary damages from the Defendant, the District Attorney of Reno County, due to his failure to respond to Plaintiff's request for production of documents and other discovery in an action brought in state court. Magistrate Judge Waxse found that the Complaint identifies no ground for federal relief, and that state district courts manage discovery in matters pending before them.

Magistrate Judge Waxse also held that Plaintiff's attempt to invoke diversity jurisdiction fails because the parties to this matter reside in Kansas, and Plaintiff makes no allegation to the contrary. *See generally, McEntire v. Kmart Corp.*, 2010 WL 553443, at *3 (D.N.M. Feb. 9, 2010) ("[t]he Supreme Court of the United States has described th[e] statutory diversity requirement as 'complete diversity,' and it is present only when no party on one side of a dispute shares citizenship with any party on the other side of a dispute.")

The NOSC ordered Plaintiff to show cause why this matter should not be dismissed for

1

failure to state a claim for relief. In response to the NOSC, Plaintiff filed a new complaint as a civil rights complaint under 42 U.S.C. § 1983. (Doc. 4.) Plaintiff again named the District Attorney of Reno County as the sole defendant, claiming that he failed to respond to discovery requests, a notice of dishonor and opportunity to cure, and a notice of default, "thereby acquiescing to a commercial lien and/or title 42 action being placed upon himself and relinquishing any state qualified immunity." *Id*. at 2.

The Court's M&O found that Plaintiff's new complaint failed to address the deficiencies set forth in the NOSC and failed to set forth a ground for federal relief. Plaintiff filed a motion seeking reconsideration of the Court's M&O.

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). Because Plaintiff's motion was filed within 28 days after the entry of the judgment, the Court will treat it as a motion under Rule 59(e). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.")

A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier. *Servants*, 204 F.3d at 1012.

Plaintiff's motion for reconsideration is largely incomprehensible. He argues that he is not proceeding pro se, because he "is not an agent of the State in any capacity." Plaintiff rehashes his argument regarding Defendant's failure to answer discovery requests in state court. Plaintiff also demands that "the court rule in Plaintiff's favor, no dispute has been put forth by the Defendant, this alone gives Plaintiff a created right and liberty interest and well into Plaintiff's pursuit of happiness." (Doc. 9, at 3.) It is unclear whether Plaintiff is referring to Defendant's failure to answer in state court or in this action. The Court notes that because Plaintiff's Complaint did not survive screening, Defendant was never served or required to answer in this case.

Plaintiff has failed to address any of the deficiencies in his complaints as set forth in the NOSC and the M&O. Plaintiff has failed to allege an intervening change in the controlling law or the availability of new evidence. Plaintiff has failed to show the need to correct clear error or prevent manifest injustice warranting reconsideration of the Court's September 26, 2017 Memorandum and Order (Doc. 7) dismissing Plaintiff's case. Plaintiff's motion for reconsideration is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Reconsideration (Doc. 9) is **denied**.

**IT IS SO ORDERED**.

**Dated on this 4th day of October, 2017, in Topeka, Kansas.**

>   s/ Sam A. Crow
>   SAM A. CROW
>   U. S. Senior District Judge